IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LORI JUSTICE,

      Plaintiff,

v.               CIVIL ACTION NO.  2:16-cv-03272

BRANCH BANKING & TRUST COMPANY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Plaintiff's Motion to Remand and for Fees and Costs.  (ECF No. 7.)  For the reasons discussed below, the Court **DENIES** the motion.

*I. BACKGROUND*

  This case arises out of Defendant's efforts to collect a debt from Plaintiff resulting from a Retail Installment Sales Contract executed in August 2014 to purchase an automobile.  (*See* ECF No. 27 at 2, ¶¶ 7, 9.)  Plaintiff is a resident of West Virginia, (*id.* at 1, ¶ 1), and Defendant "is a corporation existing under the laws of North Carolina with its principal place of business located in Winston-Salem, North Carolina."  (ECF No. 1 at 2, ¶ 6.)

  The Amended Complaint alleges that "Defendant engaged in unconscionable and illegal practices in attempts to collect a consumer claim and by repossessing property belonging to the Plaintiff in violation of the law without authority or a current right of possession to do so."  (ECF No. 27 at 2, ¶ 6.)  As part of its debt-collection efforts, Defendant allegedly "engaged in repeated

1

telephone calls to the Plaintiff, her family, [and] her friends . . . [that] were abusive, oppressive, harassing, threatening, and rude." (*Id.* at 3, ¶¶ 15–16.) Furthermore, Plaintiff claims that "[t]he Defendant debt collector's statements were misleading, threatening, abusive, oppressive, rude, and harassing towards the Plaintiff in an attempt to collect the claim." (*Id.* at 3, ¶ 22.) The Amended Complaint also avers that Defendant unlawfully repossessed the vehicle that was the subject of the August 2014 contract without providing "any Notice of Default or Right to Cure or court order allowing Defendant to repossess the property . . . ." (*See id.* at 3, ¶¶ 23–26.)

On March 2, 2016, Plaintiff filed her Complaint in the Circuit Court of Logan County, West Virginia. (ECF No. 1-1 at 7.) Defendant removed the case to this Court on April 6, 2016. (ECF No. 1.) In the Notice of Removal, Defendant asserts that the sole basis for this Court's subject-matter jurisdiction over this case is diversity pursuant to 28 U.S.C. § 1332. (*See id.* at 1–2.)

Plaintiff filed an Amended Complaint on November 3, 2016, (ECF No. 27), in accordance with this Court's order on November 1, 2016. (ECF No. 26.) The Amended Complaint includes eleven counts: (1) violations of section 46A-2-125 of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), (ECF No. 27 at 4–5, ¶¶ 31–35); (2) violations of section 46A-2-128 of the WVCCPA, (*id.* at 5, ¶¶ 36–39); (3) violations of section 46A-2-127 of the WVCCPA, (*id.* at 5–6, ¶¶ 40–43); (4) violations of section 46A-2-106 of the WVCCPA, (*id.* at 6–7, ¶¶ 44–46); (5) violations of section 46A-2-123 of the WVCCPA, (*id.* at 7, ¶¶ 47–50); (6) common law conversion, (*id.* ¶¶ 51–52); (7) violations of section 46A-6-104 of West Virginia's Unfair and Deceptive Acts and Practices ("UDAP") law, (*id.* at 7–8, ¶¶ 53–55); (8) tort of outrage, (*id.* at 8, ¶¶ 56–60); (9) common law negligence, (*id.* at 9, ¶¶ 61-68); (10) intentional infliction of emotional

distress ("IIED"), (*id.* at 9–10, ¶¶ 69–75); and (11) common law invasion of privacy, (*id.* at 10–11, ¶¶ 76–80). The Amended Complaint requests a broad array of relief, including the following: (1) "[a]ctual damages for the past and future violations of the WVCCPA as authorized by West Virginia Code 46A-5-101(1);" (2) "[s]tatutory damages in the maximum amount authorized by West Virginia Code 46A-5-[ ]101(1);" (3) "[i]njunctive relief ordering Defendant to remedy any negative reporting that may have occurred to credit bureaus and the like;" (4) "Plaintiff's cost of litigation;" (5) that Plaintiff's "alleged debt be canceled;" (6) "[g]eneral damages and punitive damages for Defendant's past and future conduct alleged in Counts VI, VIII, IX, X, and XI;" and (7) "other such relief as the Court shall deem proper and appropriate." (*Id.* at 11, ¶ 81.)

Plaintiff filed the current motion to remand on May 6, 2016, in which she asserts that this Court lacks subject-matter jurisdiction over the matter because the amount in controversy is below the $75,000 requirement for diversity jurisdiction. (*See* ECF No. 8 at 2–3.) Defendant filed its Response to Plaintiff's Motion to Remand on May 20, 2016. (ECF No. 12.) Plaintiff did not file a reply brief.

As such, this motion is briefed and ripe for the Court's consideration.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C.

3

§ 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)).

The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W.Va. 1996). "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "This test is framed alternatively as a requirement that a defendant demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Id.* (citing omitted). "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000." *Judy v. JK Harris & Co.*, No. 2:10–cv–01276, 2011 WL 4499316, at *3 (S.D. W.Va. Sept. 27, 2011) (citation omitted). The defendant must supply evidence regarding the amount at issue. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W.Va. 2001). "In so doing, he may rely upon the entirety of the facts and

4

circumstances comprising the plaintiff's damages claim." *Judy*, 147 F. Supp. 2d at 489 (citation omitted).

In evaluating a party's claim to federal jurisdiction, a court should look toward the circumstances as they existed at the time the notice of removal was filed. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." (citing omitted)). In particular, where the plaintiff's monetary demand is not specified in the complaint, "[t]he value of the matter in controversy . . . is determined by considering the judgment that would be entered if plaintiff prevailed on the merits." *Landmark Corp.*, 945 F. Supp. at 936–37 (citation omitted). In calculating the amount in controversy, a court may consider the entire record and make an independent evaluation of whether the amount in controversy is satisfied. *See Grubb v. Jos. A. Bank Clothiers, Inc.*, No. 2:05-0056, 2005 WL 1378721, at *5 (S.D. W.Va. June 2, 2005) (citation omitted).

## III. DISCUSSION

The sole dispute between the parties as to this motion is whether the Court has diversity jurisdiction over this matter. (*See* ECF No. 8 at 2; ECF No. 12 at 3–4.) Defendant argues—and Plaintiff does not contest—that there is complete diversity between the parties. (*See* ECF No. 1 at 2, ¶¶ 5–6; ECF No. 12 at 3–4. *See generally* ECF No. 8.) Rather, the parties dispute whether the amount in controversy exceeds $75,000. (ECF No. 8 at 2–3; ECF No. 12 at 4–6.)

Plaintiff does not specify an amount for the damages that she seeks in the Amended Complaint. (*See* ECF No. 27 at 11, ¶ 81.) Defendant claims in its Notice of Removal that the amount in controversy exceeds $75,000 for several reasons. First, Defendant cites Plaintiff's

5

WVCCPA claims arising out of repeated phone calls that were allegedly "abusive, oppressive, harassing, threatening, and rude." (*See* ECF No. 27 at 3, ¶¶ 15-16, 21–22; ECF No. 1 at 8.) Plaintiff does not provide in her Amended Complaint or motion an exact or approximate number of phone calls that Defendant made to her, her family, or her friends, (*see* ECF No. 27 at 3, ¶¶ 15, 21; ECF No. 8), but Defendant alleges that each phone call may result in damages up to a maximum amount of $4,338. (*See* ECF No. 1 at 3, ¶ 8.) Additionally, Defendant notes Plaintiff's other statutory claims under the WVCCPA and UDAP for which she seeks damages. (*See id.*) Lastly, Defendant lists Plaintiff's remaining named grounds for relief as "conversion . . . tort of outrage, [IIED], common law invasion of privacy, punitive damages and attorney fees." (*See id.*) Due to these various alleged grounds, Defendant claims that the amount in controversy "clearly exceeds the $75,000.00 minimum amount to request removal under 28 U.S.C. § 1332." (*Id.* ¶ 10.)

In Plaintiff's Memo in Suport [sic] of Motion to Remand and for Fees and Costs, she claims that Defendant "has not carried their burden to establish diversity jurisdiction." (*See* ECF No. 8 at 2.) She alleges that Defendant's notice of removal is defective because it "contains a mere assertion that the amount in controversy requirement is met, but offers not [sic] analysis, no fact in support, or no other assertion as to how." (*Id.*) Plaintiff's one-paragraph discussion in her memorandum does not specify the damages she seeks and does not assert that she is pursuing less than the jurisdictional threshold of $75,000. (*See id.* at 2–3.)

The Court finds that Defendant has met its burden of establishing that the amount sought by Plaintiff is in excess of $75,000. Several of Plaintiff's causes of action fall under the WVCCPA, which provides aggrieved debtors, like Plaintiff, an avenue through which to recover "actual damages, attorney's fees, and a statutory penalty of 'not less than one hundred dollars and

not more than one thousand dollars.'" *See Bourne v. Mapother & Mapother, P.S.C.*, 998 F. Supp. 2d 495, 500 (S.D. W.Va. 2014) (quoting W. Va. Code § 46A-5-101(1)). This Court has clarified that "[a] separate penalty may be imposed for each WVCCPA violation." *See Bourne*, 998 F. Supp. 2d at 500 (citing *Sturm v. Providian Nat'l Bank*, 242 B.R. 599, 603 (S.D. W.Va. 1999)). The $1,000 maximum penalty provided by the WVCCPA was created in 1974 and indexed to the consumer price index. *See* W. Va. Code § 46A-5-106. In its 2015 session, the Legislature amended section 106 to alter the time from which to begin the inflation adjustment. *See* W. Va. Code § 46A-5-106 (2015). Thus, as of June 12, 2015, "the court may adjust the damages awarded pursuant to section 101 of this article to account for inflation from 12:01 a.m. on *September 1, 2015*, to the time of the award of damages in an amount equal to the consumer price index."[1] *Id.* (emphasis added), *compare with* § 46A-5-106 (1994) (directing courts "to account for inflation from the time that the [WVCCPA] became operative, specifically 12:01 a.m. on *the first day of September, one thousand nine hundred seventy-four*, to the time of the award of damages in an amount equal to the consumer price index" (emphasis added)).

In considering whether the preponderance of the evidence standard has been met by Defendant, the Court may consider "the type and extent of the plaintiff's injuries and possible damages recoverable therefore, including punitive damages if appropriate." *See Scaralto v. Ferrel*, 826 F. Supp. 2d 960, 964 (S.D. W.Va. 2011) (quoting *McCoy*, 174 F. Supp. 2d at 489). This Court has determined that a multi-factor approach is appropriate in calculating the amount in

---

[1] The Court notes that Defendant alleged in its Notice of Removal that the WVCCPA sets an approximate maximum damages award of $4,338 per call. (*See* ECF No. 1 at 3, ¶ 8.) However, this appears to be calculated prior to the statute's 2015 amendment, and while Defendant does not provide a source for its calculation, the Court cannot find merit in that number. According to the Bureau of Labor Statistics website, $1,000 in 2015 has the same buying power as $1,018.61 in 2016. *See CPI Inflation Calculator*, Bureau of Labor Statistics, U.S. Dep't of Labor <http://www.bls.gov/data/inflation_calculator.htm> (last visited Nov. 7, 2016). Thus, Plaintiff could recover approximately $1,019 for every violation of the WVCCPA. *See* W. Va. Code §§ 46A-5-101(1), 46A-5-106.

controversy. *See id.* Ultimately, "[i]f the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof." *Id.* at 968 (citation omitted).

The Supreme Court held in *Dart Cherokee Basin Operating Co., LLC v. Owens* that an allegation in a notice of removal that the amount in controversy is met does not have to be supported by evidentiary submissions. *See* 135 S. Ct. 547, 551 (2014). Because "a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal," *id.* at 554 (citing Pet'rs' Br. 14) (emphasis in original), evidence establishing the amount in controversy is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* "While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Where a determination cannot be made on the face of the complaint, "the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). A settlement demand is "just one piece of evidence regarding the amount in controversy." *See Scaralto*, 826 F. Supp. 2d at 964 (citing *Ferrell v. Jim Walter Homes, Inc.*, No. 2:07-cv-00300, 2007 WL 1704183, at *2 (S.D. W.Va. June 11, 2007) (remanding a case where the plaintiffs offered to settle the matter for $20,000, and explaining that "although settlement offers are not determinative of the amount in controversy, 'they do count for something'")). "[T]he weight given to a settlement demand depends on the circumstances." *See id.* at 964 (citations omitted).

Defendant attaches to its response evidence of a settlement offer made by Plaintiff less than a week before Defendant removed the case to this Court. *See* ECF No. 12-1 (indicating that the offer was transmitted on March 29, 2016, eight days before Defendant's removal on April 6, 2016, *see* ECF No. 1). In that settlement letter, Plaintiff demanded a payment of $57,000 "to resolve all seven counts outlined in the Complaint,"[2] and that figure was "inclusive of attorney costs and fees associated with filing of the complaint . . . ." *See id.* A statutory right to attorney fees, which Plaintiff incorporated into her settlement offer, may be considered "as part of the amount in controversy." *See McGowan v. Nissan N. Am., Inc.*, No. 2:12-cv-4927, 2012 WL 5878020, at *3 (S.D. W.Va. Nov. 20, 2012) (memorandum opinion). Given this Court's discussion in *Scaralto*, the demand is representative of an amount to which Plaintiff believes she is entitled and can be included in the damages analysis. *See* 826 F. Supp. 2d at 966–68.

Furthermore, Plaintiff requests that this Court grant injunctive relief ordering Defendant to cancel her alleged debt pursuant to West Virginia Code § 46A-5-105.[3] Under this statute, any remaining amount of the debt can be added to the calculation of damages.[4] *See Woodrum v.*

---

[2] The Court notes that Plaintiff's original Complaint includes ten counts, (*see* ECF No. 1-1), and the Court cannot determine whether the settlement offer was meant to resolve all the counts in the Complaint or only seven of the ten counts.

[3] Plaintiff's debt stems from the Retail Installment Sale Contract that she entered into with Defendant in August 2014 to purchase a vehicle. (*See* ECF No. 27 at 2, ¶ 7–9.)

[4] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In the Fourth Circuit, it is also "settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). This "pecuniary result" includes the "monetary value" of a contract or agreement when the validity of that agreement is put at issue by a party. *See id.* at 710–11.

In *Woodrum v. Mapother & Mapother P.S.C., Inc.*, this Court addressed whether the amount in controversy includes the value of the type of equitable relief at issue here. *See* No. 2:10–00478, 2010 WL 3943732, at *3 (S.D. W.Va. Oct. 5, 2010) (memorandum opinion). In *Woodrum*—as in this case—the complaint sought the cancellation of the plaintiff's debt to the defendant pursuant to the willful-violation provision of West Virginia Code § 46A-5-105. *Id.* The Court noted that, if the plaintiff "succeeded in proving the alleged willful violations, he may be entitled to cancellation of the debt, even if that debt was legitimately incurred." *Id.* Accordingly, the Court found that the debt "should be considered in valuing the litigation." *Id.*

*Mapother & Mapother P.S.C., Inc.*, No. 2:10-00478, 2010 WL 3943732, at *3 (S.D. W.Va. Oct. 5, 2010). Defendant attaches to its response to the motion a Sales Finance Charge-Off Request Form, which lists the amount outstanding on the August 2014 loan as $20,096.61. (*See* ECF No. 12-1 at 2.) Simply adding the settlement demand of $57,000 to the remaining debt Plaintiff asks this Court to cancel brings the amount to which she believes she is entitled to over $77,000.

Plaintiff did not deny in her motion or the memorandum in support of the motion that the damages she seeks are at least $75,000. Plaintiff also did not argue the veracity of the figures presented in the settlement letter and Sales Finance Charge-Off Request Form that Defendant attached to its response to the motion. (*See* ECF No. 12-1.) Absent a limitation on Plaintiff's potential recovery, the amount in controversy is greater than the jurisdictional requirement.

Plaintiff's motion also requests fees and costs incurred in filing the current motion. (*See* ECF No. 8 at 1.) Pursuant to 28 U.S.C. § 1447(c), the Court may upon remanding the case order Defendant to pay Plaintiff's costs and expenses, including attorneys' fees, incurred as a result of the removal. However, given that the Court finds that it has jurisdiction over the matter and denies the motion as far as it seeks remand to state court, the motion is also denied as it relates to a request for fees and costs.

## IV. CONCLUSION

For the reasons discussed, the Court finds that the amount in controversy exceeds $75,000. As such, the Court finds that it has diversity jurisdiction over this matter. As such, the Court **DENIES** the Motion to Remand and for Fees and Costs in its entirety. (ECF No. 7.)

---

The Court agrees with the *Woodrum* analysis. If the Court grants Plaintiff's requested equitable relief, Defendant will face the pecuniary loss of the value of the debt. As such, the Court includes the value of Plaintiff's debt to Defendant when determining the amount in controversy. *See Dixon*, 290 F.3d at 710 (stating that, in a diversity proceeding, the amount in controversy is determined by the "pecuniary result" to a party).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                        ENTER:       January 4, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE